Francisca Sallaberry, Plaintiff and Appellant, v. Domingo Mundo Rodríguez, Defendant and Appellee.

No. 8205. Argued April 1, 1941.—Decided April 3, 1941.

*M. Guzmán Texidor,* for appellant.  *Luis F. Camacho,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The question to be decided in this case is whether there was a substantial compliance with Section 3 of Act No. 31 of 1934, pages 292, 294.

This is an action for damages filed in the Municipal Court of Salinas. Judgment was rendered against the plaintiff and the latter appealed to the District Court of Guayama, filing the record on October 2, 1939. On December 13, the the defendant and appellee moved for the dismissal of the appeal alleging that the appellant had not requested the inclusion of the case in the first reading of the docket subsequent to the date of the filing, which took place on the 11th of the said month.

At this stage of the proceedings, on the 18th of the same month of December, during the second reading of said docket and while the setting of the cases for trial was taking place, the appellant filed a motion for the inclusion of her case in the docket, accompanying the corresponding fees, that is, a $5.00 internal revenue stamp. The appellee opposed the motion because the inclusion had not been requested at the time when the first reading took place and also because, based on this, he had already requested, through a written pleading, that the appeal be dismissed. The court heard both parties and on the following day denied the inclusion of the case and granted the dismissal requested.

In his order, the judge stated that it appeared from the evidence "that the case had been included by the clerk in the list of the cases ready for trial which he had previously drawn for the first reading." He emphasized the clear meaning of the legislative precept which orders that "the appel-

lant shall request the inclusion of said action in the calendar of civil actions in the first reading that may be held subsequent to the filing of the case", and that "if the appellant fails to request the inclusion of the case in the calendar, the district judge shall dismiss the appeal, imposing the costs on the appellant; and the secretary shall immediately return the cause to the inferior court for the execution of the judgment appealed from", and asked himself the following question: "Was the appellant relieved from complying with this duty due to the fact that his case appeared included in the provisional list drawn by the clerk?" He answered this question as follows:

"We are of the opinion that he was not, for the following reasons: because the list of cases which the clerk draws to be read at the beginning of each civil term of the court, in accordance with Section 200 of the Code of Civil Procedure of Puerto Rico and with Rule 1 of the district courts for civil cases, includes all the suits which appear to be ready for trial, whether their inclusion in that list was or was not requested by the parties, so that the provisions of Rules 2 and 3, which refer to the two readings of the docket, may be complied with. The first reading is a preliminary one to find out about the nature and status of the actions entered in the list drawn by the clerk and the second reading is to prepare the cases for trial and for the court to make the corresponding settings (Rule 2), as well as to order the dismissal and filing away of all those actions or pending proceedings wherein no steps have been taken for a period in excess of one year, due to the negligence of the parties (Rule 3); because in accordance with Act No. 17 of March 11, 1915, (page 45), regulating the collection of fees and costs in civil cases, the party interested in that his case be heard has to pay $5.00 to the clerk in order to have the case included in the calendar and set for trial and consequently the action of the clerk in entering in the provisional list all the cases which are ready for trial is not equivalent to their inclusion in the docket of the court; because the entering of this case in the list of the cases of this court did not prevent the appellant from complying with the duty imposed upon him by the aforesaid Section 3 of the law regulating appeals taken against judgments rendered by the municipal courts in civil actions; because in order to perfect an appeal taken in a civil case from a judgment rendered

by a municipal court, the appellant has to comply with the duty imposed upon him by said law of requesting the inclusion of his case in the first reading of the docket or list of civil settings of the district court, and because as the calendar fees of December 11, 1939, had not been paid, this date being the one in which the first reading of the calendar or list of settings of this court corresponding to the terms of January and February was made, the action taken by the clerk in entering this case in said list was not equivalent to its inclusion in the calendar of this court.''

The decisions of this Court which interpret the Act involved are numerous and clearly stated. See the cases of *Marrero v. Muller,* 35 P.R.R. 339; *Morales, Ramos & Co. v. District Court et al.,* 35 P.R.R. 835; *Guerra v. Carrión,* 47 P.R.R. 757; *Manrique v. District Court,* 48 P.R.R. 600; *Cobián v. Espina,* 50 P.R.R. 178; *Schwab v. District Court,* 55 P.R.R. 201; *A. S. Aloe & Co. v. Talavera,* 56 P.R.R. 188; *Alvarez v. District Court,* 57 P.R.R.\_\_\_\_ and *Rodríguez v. Banco Popular,* 57 P.R.R.\_\_\_\_.

There is no doubt that the appellant did not comply strictly with the statute. She herself admits this, but she alleges that her action implies a substantial compliance with the law and that consequently, the court should not have dismissed her appeal. We know the reasoning set forth by the trial court. It carries weight indeed, but it seems to us that in accordance with what was established in one of the cases above cited, that of *Alvarez v. District Court,* which had not been decided when the district court entered the order appealed from, it may be concluded that the appellant, in acting in the manner in which she did, substantially complied with the law and that her case, instead of being dismissed, could have and should have been set for trial in the second reading of the calendar.

Let us now fix the scope of the decision rendered in *Alvarez v. District Court, supra.* The party appealing to the district court did not request that his case be included in the calendar subsequent to its filing, as prescribed by law, and

the appellee moved for the dismissal of the appeal, but as it appeared from the record that prior to the date of the reading of said calendar, the appellant had requested the setting of the trial for a date previous to the one which in all events would have corresponded to his case if the latter had been included in the calendar, and as he had paid the corresponding fees, this Court distinguished the case from that of *Marrero* v. *Muller*, 35 P.R.R. 339, which was invoked to request the dismissal, and found that as the statute had been substantially complied with, the trial court had acted correctly in refusing to dismiss the appeal. And it stated:

"The purpose of the legislator in inserting Section 3 *a* in the act which regulates appeals taken from judgments rendered by municipal courts, was none other than to bind the appellant to prosecute his appeal with due diligence, preventing in this manner an appellant who has no interest in the outcome of the appeal, from not requesting its inclusion in the calendar, thereby compelling the appellee to pay the fees of the appeal in order to proceed with the case. It is not the purpose of said legal provision to limit the right of appeal, but on the contrary, to speed it up, and although we accept that section 3 *a* is of a mandatory nature, we hold nevertheless that the requirement that the case be included in the calendar is not one of jurisdictional nature. . ." *Alvarez* v. *District Court*, 57 P.R.R.—, —.

And among the cases which have been cited, we find that of *Schwab* v. *District Court*, where, although it was held that the dismissal lied for lack of due compliance with the law, it was stated in the course of the opinion:

The appellant, on the very day that the calendar was read or to be read, that is, on June 23, 1938, would still have had time to put it on the calendar. Putting the case on the calendar would have speeded up the disposition of the motion to dismiss made by the appellees. The Act itself indicates this. The appellant does not bring himself within any exception." *Schwab* v. *District Court*, 55 P.R.R. 203.

The procedure advised was taken by the appellant. She took action at a time when the summary purposes which are the object of the law could still be complied with. Whether

correctly or not, the truth is that in the list which was drawn by the clerk of the district court the case had been included. The first reading of the calendar took place on December 11, the dismissal was requested on the 13th, and on the 18th, when the second reading took place, the appellant did what she should have done on the 11th, that is, seven days before. At this time, the calendar, the same calendar subsequent to the date of filing, was still open. It was in its second reading, in that of the 18th, wherein the trials were set and not in the first one, and consequently, if the judge had granted the petition of the appellant, the trial could have been set in the same manner as if the inclusion of the case had been formally requested seven days before at the first reading.

These being the attendant circumstances of the case, the order appealed from must be reversed and the case remanded to the district court for further proceedings in accordance with the law.